FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 27 2009 ★

BROOKLYN OFFICE

ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York  10020
JOSHUA GOLD
LAWRENCE J. BARTELEMUCCI
(212) 278-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANKOWITZ LAW FIRM, P.C., <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN A. SHELLER, SHELLER, LUDWIG & BADEY, P.C. and SHELLER, P.C., <br><br> Defendants. | CIVIL ACTION No. **09  0853** <br><br> **SEYBERT, J** <br><br> **BOYLE, M.J** |

## NOTICE OF REMOVAL OF ACTION FROM STATE COURT

**TO PLAINTIFF AND THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441 and 1446,

Defendants STEPHEN A. SHELLER, SHELLER, LUDWIG & BADEY, P.C. and

SHELLER, P.C. (collectively referred to herein as "Sheller, P.C.") hereby remove the

above-entitled action from the Supreme Court of the State of New York in and for the

County of Nassau to the United States District Court for the Eastern District of New

York.

This is a civil action over which this Court has original subject matter jurisdiction

pursuant to 28 U.S.C. § 1332, and the matter is thus properly removed to this Court.  In

support thereof, Sheller, P.C. states as follows:

## I.    STATE COURT ACTION

1.    On or about February 11, 2009, Plaintiff Yankowitz Law Firm, P.C. ("Plaintiff") filed a Complaint in the Supreme Court of the State of New York in and for the County of Nassau, Index No.: 022395/09 (the "Complaint"). A true and correct copy of the Summons and Complaint is attached as Exhibit A.

## II.    REMOVAL IS TIMELY

2.    Counsel for Sheller, P.C. has not been served with a copy of said Complaint yet, but Plaintiff's counsel sent a copy of said Complaint to Sheller, P.C. by electronic mail on February 11, 2009.

3.    Sheller, P.C. contends that the method of service of said Complaint was improper and without effect, so that the thirty-day period for removal has not begun to run. By filing this Notice of Removal, Sheller, P.C. does not waive any objections or defenses that it may have, including objections to jurisdiction and service of process.

4.    The Complaint constitutes the first notice to Sheller, P.C. that original jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and that the action is thus removable. *See* 28 U.S.C. § 1446(b).

5.    As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after Sheller, P.C. first received notice that the Complaint had been filed by Plaintiff.

## III.    DIVERSITY JURISDICTION

6.    Plaintiff Yankowitz Law Firm, P.C. admits that it is a professional corporation organized and exiting under the law of the State of New York. (Complaint, ¶ 1.)

7.     Defendant Stephen A. Sheller is an individual residing in the Commonwealth of Pennsylvania.  (Complaint, ¶ 2.)

8.     Defendant Sheller, Ludwig & Badey, P.C. was a professional corporation organized and existing under the law of the Commonwealth of Pennsylvania. (Complaint, ¶ 3.)

9.     Defendant Sheller, P.C. is a professional corporation organized and existing under the law of the Commonwealth of Pennsylvania.  (Complaint, ¶ 4.)

10.     In its Complaint, Plaintiff alleges that the amount in controversy is in excess of one million dollars ($1,000,000).  (Complaint, ¶¶ 30(b), 35(b), 40(b).)

11.     Thus, this action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of the parties and the matter in controversy exceeds $75,000.

12.     In addition, the Vioxx Resolution Program which governs, among other things, the distribution of settlement proceeds which are at issue in this case is overseen by the Honorable Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana as part of the Vioxx Multidistrict Litigation (MDL No. 1657) governed by 28 U.S.C. § 1407, which also makes jurisdiction in this Court proper.

## IV.     STATUTORY REQUIREMENTS

13.     As required by 28 U.S.C. § 1446(d), Sheller, P.C. will promptly give notice of this removal to Plaintiff through its attorneys of record, Jack Yankowitz, Esq. and Don P. Foster, Esq. of Klehr, Harrison, Harvey, Branzburg & Ellers LLP.

14.     As required by 28 U.S.C. § 1446(d), Sheller, P.C. will promptly file a copy of this Notice with the Supreme Court of the State of New York in and for the County of Nassau.

15.     As required by 28 U.S.C. § 1446(a), Sheller, P.C. has attached the Summons and Complaint, attached hereto as Exhibit A, constituting all the process and pleadings received by Sheller, P.C. in this case.

16.     In filing this Notice of Removal, Sheller, P.C. does not waive any defense(s) that may be available to them in this litigation.

WHEREFORE, Defendants STEPHEN A. SHELLER, SHELLER, LUDWIG & BADEY, P.C. and SHELLER, P.C. respectfully request that the action now pending against it in the Supreme Court of the State of New York in and for the County of Nassau be removed therefrom and proceed in this Court as an action properly removed to it.

Dated: February 27, 2009

ANDERSON KILL & OLICK, P.C.

Joshua Gold, Esq.
Lawrence J. Bartelemucci, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000  Phone
(212) 278-1733  Facsimile

**_Of Counsel_**
Brian J. McCormick, Jr., Esq.
SHELLER, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA  19102
(215) 790-7300  Phone
(215) 546-0942  Facsimile

4

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------X   SUMMONS
YANKOWITZ LAW FIRM, P.C.,

                          Plaintiff(s),

            -against-

STEPHEN A. SHELLER, SHELLER, LUDWIG &
BADEY, P.C. and SHELLER, P.C.,

                     Defendant(s),
-----------------------------------------X

DATE FILED: Feb. 11, 2009

Index No.: 002395/09

TO THE ABOVE NAMED DEFENDANT(s):

         YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

         The basis of venue is plaintiff's place of business.

         Plaintiff resides at 175 East Shore Road, Great Neck County Nassau of New York.

DATED: Great Neck, New York
      February 9, 2009

**RECEIVED**

FEB 1 1 2009

**NASSAU COUNTY**
**COUNTY CLERK'S OFFICE**

Yours, etc.,

THE YANKOWITZ LAW FIRM, P.C.

JACK A. YANKOWITZ
Attorney for Plaintiff(s)
175 East Shore Road
Great Neck, NY 11023
(516) 622-6200
File # 1000-00

DEFENDANT'S ADDRESS(ES):

STEPHEN A. SHELLER
SHELLER, LUDWIG & BADEY, P.C.
SHELLER, P.C.
1525 Walnut Street, 3rd Floor
Philadelphia, PA 19102
(215) 790-7300

FEB-11-2009 12:24 From:YANKOWITZ LAW FIRM   5168294344         To:2155686603         P.4/4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------X
YANKOWITZ LAW FIRM, P.C.,

                    Plaintiff(s),

          -against-

STEPHEN A. SHELLER, SHELLER, LUDWIG &
BADEY, P.C. and SHELLER, P.C.,

                    Defendant(s),
----------------------------------------X

VERIFIED COMPLAINT

Index No.: 002395/09

    Plaintiff, YANKOWITZ LAW FIRM, P.C., Pro-Se complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## FACTS

    1.   The plaintiff is The Yankowitz Law Firm, P.C. (hereinafter "Yankowitz"), a professional corporation organized and existing under the laws of the State of New York, with its principal place of business located at 175 East Shore Road, Great Neck, NY 11023, County of Nassau.

    2.   The defendant, Stephen A. Sheller at all times hereinmentioned, upon information and belief, is an attorney admitted to practice law and residing in the State of Pennsylvania.

    3.   The defendant, Sheller Ludwig and Badey, P.C. (hereinafter "SLB") was and still is a professional corporation organized and existing under the laws of the commonwealth of Pennsylvania with offices located at 1525 Walnut Street, 3rd Floor, Philadelphia, PA 19102.

**RECEIVED**

2

FEB 1 1 2009

NASSAU COUNTY
COUNTY CLERK'S OFFICE

4.    The defendant, Sheller, P.C. was and still is a professional corporation organized and existing under the laws of the commonwealth of Pennsylvania with offices located at 1525 Walnut Street, 3rd Floor, Philadelphia, PA 19102.

5.    That at all times hereinmentioned, upon information and belief, defendant SLB and defendant Sheller, P.C. are the same corporate entity.

6.    That at all times hereinmentioned, upon information and belief, Sheller, P.C. is the successor firm to defendant SLB, and contractually and legally assumed and is bound by all obligations, agreements and contracts of its predecessor firm.

7.    That at all times hereinmentioned, defendant Stephen A. Sheller was and still is a principal owner and/or partner and/or officer of the defendant, Sheller, Ludwig & Badey, P.C. and the defendant, Sheller, P.C.

8.    That at all times hereinmentioned, the defendants shall collectively be referred to as the Sheller Firm.

9.    At all times hereinmentioned, defendant Stephen A. Sheller managed and controlled both defendants, Sheller, Ludwig & Badey, P.C. and Sheller, P.C., had full authority to enter into agreements and contracts on behalf of defendants Sheller, Ludwig & Badey, P.C. and Sheller, P.C. including but not limited to Trial Counsel working contracts and agreements.

10.   That the defendants, at all times hereinmentioned, solicited business and legal matters from the plaintiff in the State of New York; the defendants regularly do and/or solicit

3

business within the State of New York; and the defendants derived substantial revenue from goods used or services rendered in the State of New York.

11. That the defendants expected or should have expected its acts as alleged and set forth herein, to have consequences within the State of New York and the defendants derived substantial revenue from interstate commerce.

12. That at all times hereinmentioned, the defendants represented that they were duly admitted to practice law in the State of New Jersey and they had extensive experience in the litigation and trial of mass toxic tort cases.

13. In and around the fourth quarter of 2004, Yankowitz was retained to represent 303 potential plaintiffs in their claims for damages arising from personal injuries sustained as a result of negligence on the part of Merck & Co. related to the sale of the drug Vioxx (hereinafter "the Yankowitz clients').

14. That due to favorable evidentiary, discovery and trial issues, Yankowitz made a decision to bring and litigate his clients' Vioxx claims against Merck & Co. in the State Court of New Jersey rather than in the New York Federal Court/MDL.

15. In order to assist it in the prosecution of its clients' claims in New Jersey, Yankowitz retained the defendants as Trial Counsel, based on their prior solicitations and representations that they had substantial experience in mass toxic tort litigation, specifically in processing, discovery, litigation and trials thereof.

4

16. In and around October 20, 2004 in the State of New York, the parties entered into an agreement wherein Yankowitz retained the Sheller firm to serve as trial counsel for the Yankowitz clients' Vioxx claims and litigation. A true and correct copy of this Agreement, hereinafter referred to as "the Trial-counsel Agreement", is attached hereto as Exhibit "A" and incorporated herein as if set forth in full.

17. That pursuant to said agreement (Exhibit "A") and as a matter of Law, the defendants had a fiduciary duty of absolute loyalty to Yankowitz, to exert their best efforts as "Trial Counsel" to Yankowitz and on behalf of The Yankowitz clients, not to interfere with the retainer agreements and relationship between Yankowitz and its clients (Exhibits "B" and "C") and not to place defendants private interests in conflict with the Trial-Counsel Agreement (Exhibit "A") and the attorney client retainers and relationships between Yankowitz and its clients.

18. The Trial-Counsel Agreement (Exhibit "A") provided, inter alia, that:

    a. The defendants were retained by Yankowitz to act as "Trial Counsel" in the Vioxx cases where Yankowitz was retained;

    b. Yankowitz would be responsible for initial client retainers, sign-ups and collection of medical records;

    c. Yankowitz would act as Liaison with the clients;

    d. All aspects of the litigation, without exceptions, including but not limited to all pleadings, interrogatories, fact sheets, bill of particulars, discovery, depositions, all pre-trial disclosure, appearances and trials, would be handled and processed by the defendants with all pleadings and

documents reflecting Yankowitz as attorney of record and the defendants as Trial-Counsel;

e.   Both firms' out-of-pocket expenditures would be reimbursed out of the aggregate gross recovery prior to distribution of attorneys fees;

f.   Fees net of costs would be shared equally;

19.   That Yankowitz was retained by all 303 clients in the State of New York; all communication and correspondence with these clients pre-litigation occurred within the State of New York; initial collection of all medical records consisting of tens of thousands of documents and clients sign-ups and initial investigations, with an out-of-pocket cost to Yankowitz in the amount of Eighty thousand six hundred eighty four and 50/100 ($80,684.50) took place within the State of New York; and all of the forgoing was performed by Yankowitz, its staff, employees and agents within the State of New York and all pre-litigation correspondence and communications between Yankowitz and defendants took place from within the State of New York.

20.   That out of the 303 Yankowitz clients which were the subject of the Trial-Counsel Agreement (Exhibit "A"), only 26 were deemed to have met the criteria for a viable Vioxx claim and 26 separate Actions were commenced in the Superior Court of New Jersey.   A copy of the OCA Statements filed by Yankowitz in New York State for each of the said 26 clients are annexed hereto as Exhibit "B".   Annexed as Exhibit "C" is a list of each of these clients together with the Retainer number assigned by the New York State Office of Court Administration.

21.   The actions on behalf of the 26 Yankowitz clients were ultimately consolidated into and made part of a master mass tort complaint filed in the Superior Court of New Jersey Law Division, Atlantic County entitled <u>In Re: Vioxx Litigation Case, Case Code No. 619</u> ("The Vioxx litigation").

22.   That Yankowitz performed all of its duties under the Trial-Counsel Agreement.   However, contrary to its expressed undertakings in the Agreement, the defendants:

   a.   communicated directly with Yankowitz's clients and tortuously interfered with the relationship between Yankowitz and its clients; fraudulently solicited, induced and obtained from the Yankowitz clients agreements and letters retaining the defendants directly, wantonly and wilfully disregarding the rights of Yankowitz and breaching the terms of its fiduciary obligations under the Trial-Counsel Agreement (Exhibit "A");

   b.   failed to reflect Yankowitz as attorney of record and its role in the case on pleadings and discovery filed and served with the court and to Merck counsel on 9 of the 26 Yankowitz cases which were filed; failed to properly identify themselves as "Trial Counsel" <u>only</u> on all 26 cases; and

   c.   Improperly and wrongfully took possession of settlement proceeds and failed and refused to reimburse, make payment and deliver to Yankowitz the amount of $80,684.50 for costs and disbursements, and the fees due and owed to Yankowitz pursuant to the Trial Counsel Agreement (Exhibit "A").

   d.   otherwise failed to perform as required under the Trial-Counsel Agreement (Exhibit "A").

23.   In and around November 2007 the parties to the Vioxx litigation announced a settlement of all claims, which would be administered by an independent consultant retained by the court. As part of the claims administration process, counsel were required

7

to submit claim forms on behalf of their clients, which would form the basis of individual distributions. It was anticipated at the time that there would be an initial distribution of 40% of each claimant's award beginning in the fourth quarter of 2008, with the balance to be paid thereafter.

24.   Upon information and belief, the Sheller firm without permission and consent of Yankowitz, submitted settlement claim forms under the Sheller Firm name on behalf of 26 Yankowitz clients. A true and correct copy of a list of Yankowitz clients from whom the Sheller firm has represented it has filed claims is attached as Exhibit "C".

25.   That the Sheller Firm fraudulently submitted said claim forms, intentionally, wilfully and consciously omitting the fact that Yankowitz was the retained attorney and attorney of record; that said actions were a fraudulent, intentional scheme to obtain the settlement proceeds, in a tortious, intentional and wilful interference and disregard of the rights of Yankowitz.

26.   The Vioxx Claim Administrator has begun to pay the initial distribution to claimants. Those payments have included payment to the Sheller firm which, on information and belief, is in turn paying each client's distributive share. However, despite demand, the Sheller firm has failed to account to Yankowitz for the funds it has received on behalf of Yankowitz clients, to reimburse Yankowitz for costs advanced by Yankowitz ($80,684.50) or to pay Yankowitz its 50% share of the net fees.

27.   In response to Yankowitz's demand for an accounting and for strict performance of the Trial-Counsel Agreement, payment of said costs/disbursements ($80,684.50) and 50% of all net attorneys fees, the Sheller firm has repudiated the Agreement, has refused to provide Yankowitz the information it has requested and has refused to make payments of the aforesaid amounts for costs, disbursements and fees which belong to and are owed to Yankowitz.

28.   That this action falls within one or more of the exceptions set forth in CPLR Section 1602.

### As and for a First Cause of Action for Breach of Contract

29.   Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1-28 as if fully set forth herein.

30.   The defendants have breached the Trial-Counsel Agreement (Exhibit "A"), causing Yankowitz to suffer the following damages:

a.   lost reimbursement of disbursements and expenses incurred by it in an amount not less than $80,684.50;

b.   fees to which it is entitled in an amount, upon information and belief, in excess of One Million Dollars.

### As and for a Second Cause of Action for Specific Performance and Injunction

31.   Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1-30 as if fully set forth herein.

32.   The defendants have repudiated the Trial-Counsel Agreement (Exhibit "A") and have advised Yankowitz that it does not intend to honor the Agreement.

9

33. Yankowitz has performed all of its duties under the Agreement and has perfected its entitlement to payment according to its terms.

34. That the defendants, their agents, servants and/or employees be enjoined from distribution of any and all amounts received from any and all of the 26 Yankowitz cases (Exhibits "B" & "C") except net amounts properly due and owing to the clients pursuant to client retainers with the Yankowitz Law Firm and the terms of the Vioxx Mass Trust Settlement Agreement.

35. That Yankowitz has suffered damages as follows:

    a.    lost reimbursement of disbursements and expenses incurred by it in an amount not less than $80,684.50;

    b.    fees to which it is entitled in an amount, upon information and belief, in excess of One Million Dollars.

## As and for a Third Cause of Action for an Accounting

36. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1-35 as if fully set forth herein.

37. A fiduciary relationship exists between parties.

38. Despite repeated demands by the plaintiff, the defendants have failed to account to Yankowitz for funds received and distributed by it related to the Yankowitz clients and the Trial Counsel Agreement (Exhibit "A").

39. That the defendants should be Ordered and Directed to provide a complete, detailed accounting together with all bank account records, correspondence, communications, checks and documents regarding all amounts received, deposited and disbursed.

40.  That Yankowitz has suffered damages as follows:

a.  lost reimbursement of disbursements and expenses incurred by it in an amount not less than $80,684.50;

b.  fees to which it is entitled in an amount, upon information and belief, in excess of One Million Dollars.

## As and for a Fourth Cause of Action for Tortious Interference, Breach of Fiduciary Duty and Punitive Damages

41.  Plaintiff repeats and realleges each and every allegations set forth above in paragraphs 1-40 as if fully set forth herein.

42.  That the defendants, their agents, servants and/or employees intentionally, wilfully, consciously and fraudulently failed to disclose to the Yankowitz clients (Exhibits "B" and "C") that the Sheller firm was only "Trial-Counsel" to Yankowitz pursuant to a Trial-Counsel Agreement (Exhibit "A").

43.  That the defendants, their agents, servants and/or employees breached their fiduciary duty, conspired and entered into secret plan and course of action to tortiously interfere with the Retainer Agreements and the attorney-client relationship between Yankowitz and its clients (Exhibits "B" and "C").

44.  That pursuant to said plan the defendants, their agents, servants and/or employees wrongfully contacted, communicated, solicited and induced the Yankowitz clients (Exhibits "B" and "C") to execute Retainer Agreements directly with Sheller firm; they fraudulently and intentionally omitted and failed to place and acknowledge Yankowitz as the attorney of record and sole retained

11

counsel of the 26 Yankowitz clients (Exhibits "B" and "C") on all
pleadings, discovery, correspondence, communication, settlement
claims, forms and documents, filed and served with the Superior
Court of New Jersey, defense counsel, settlement administrator and
others; they intentionally misrepresented to the Superior Court of
New Jersey and to defendants' counsel their true role on behalf of
the Yankowitz clients and failed to disclose that they were only
"Trial Counsel", and not attorney of record; they filed and served
claim documents in such a fraudulent and false matter to obtain
sole control of the settlement proceeds of Yankowitz clients
(Exhibits "B" and "C"), to intentionally deprive, prevent, and
tortiously interfere with the receipt of all amounts due and owing
to Yankowitz pursuant to its Retainer Agreement with its clients,
the Trial-Counsel Agreement and the terms of the Mass Tort Vioxx
Settlement.

45.     That the aforesaid reprehensible and tortious conduct by
defendants, Stephen A. Sheller, Sheller, Ludwig & Badey, P.C. and
Sheller, P.C., their agents, servants and employees was
intentional, conscious, wilful, wrongful and fraudulent, designed
and intended to damage Yankowitz.

46.     That as a result of the wanton, knowing, deliberate,
intentional, tortious conduct by the defendants, their agents,
servants and employees, Yankowitz has sustained the following
damages:

> a.     lost reimbursement of disbursements and expenses
>         incurred by it in an amount not less than
>         $80,684.50;

12

      b.   fees to which it is entitled in an amount, upon information and belief, in excess of One Million Dollars.

47. That based upon the defendants aforesaid beach of fiduciary duty and the Trial-Counsel Agreement; their intentional, wilful, wanton and fraudulent solicitation of Yankowitz clients; their conspired, fraudulent, wilful and wanton disregard of the rights of Yankowitz, its relationship and the Retainer Agreements with its clients; their misrepresentations, wilful, wanton and fraudulent actions and conduct to obtain the settlement proceeds of Yankowitz clients (Exhibits "B" and "C") and their wanton, knowing and wilful tortious conduct and interference as alleged herein, the plaintiff seeks punitive damages in the amount of FIVE MILLION ($5,000,000,00.) DOLLARS.

WHEREFORE, plaintiff Yankowitz Law Firm, P.C. demands judgment against the defendants as follows:

1. On the First Cause of Action against all of the defendants, jointly and severally, a judgment in the amount of

      a.   disbursements and expenses in the amount of $80,684.50, and

      b.   attorney fees in excess of ONE MILLION ($1,000,000.00) DOLLARS, the exact amount pending a final determination by this Honorable Court;

2. On the Second Cause of Action:

      a.   disbursements and expenses in the amount of $80,684.50, and

      b.   attorney fees in excess of ONE MILLION ($1,000,000.00) DOLLARS, the exact amount pending a final determination by this Honorable Court.

c.  an Order requiring the defendants to perform as required under the Trial-Counsel Agreement and to enjoin any distribution to the defendants, their agents, servants and/or employees pending a final determination by this Honorable Court;

3.  On the Third Cause of Action against all of the defendants, jointly and severally, an Order requiring the defendants to place all funds received by it from the Vioxx Claims Administrator arising out of its representation of Yankowitz clients into an interest-bearing escrow account in the name of both the Yankowitz and Sheller law firms; to account to Yankowitz for all funds received heretofore to date and all disbursements; and to otherwise provide Yankowitz on a same day basis with all information received from any source regarding the Yankowitz clients, and to enjoin any distribution to the defendants pending a final determination by this Court; and

4.  On the Fourth Cause of Action against all of the defendants, jointly and severally, a judgment in the amount of

a.  disbursements and expenses in the amount of $80,684.50, and

b.  attorney fees in excess of ONE MILLION ($1,000,000.00) DOLLARS, the exact amount pending a final determination by this Honorable Court.

c.  punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS; and

On all causes of action, for such other and further relief as is appropriate in the circumstances, including interest from the date the causes of action accrued, together with costs, disbursements and attorney fees allowed by Law.

14

Dated:    Great Neck, NY
            February  9, 2009

Yours, etc.

THE YANKOWITZ LAW FIRM, P.G.

JACK A. YANKOWITZ
Attorneys for Plaintiff(s)
175 East Shore Road
Great Neck, NY 11023
(516) 622-6200
File # 1000-00

15

EXHIBIT "A"

# SHELLER, LUDWIG & BADEY, P.C.

1528 WALNUT STREET
3RD FLOOR
## PHILADELPHIA, PA. 19102
(215) 790-7300 • (800) 883-2299
FAX (215) 546-0041
WEB SITE  WWW.SHELLER.COM

STEPHEN A. SHELLER *
GEORGE J. BADEY, III **
BRIAN M. LUDWIG
STUART H. BERGER
NANCY G. PILLADIS
JOHN P. KOPESKY **
JAMIL L. SHELLER?
ANNE E. MOLDREN
JONATHAN SHUB
ALBERT J. BROOKS**
MICHAEL H. DICENOVA**
CHARLES E. MANGAN**
MARC B. AUERBACH
CAROLINE R. REEVES?
J. MARTIN FUTRELL??
SCOTT ALAN GEORGE**
LEANNE P. BROWN‡
BRIDGET CLARKE**
WILLIAM S. CORDON??
AKIM F. CZMUS, M.D.

*ALSO MEMBER D.C. BAR
**ALSO MEMBER N.J. BAR
?ALSO MEMBER D.C. & N.J. BAR
?? ALSO MEMBER N.C., N.J. & N.Y. BAR
‡ ALSO MEMBER FL. BAR
‡‡ALSO MEMBER N.J. & FL. BAR

WRITER'S DIRECT E-MAIL:

NEW JERSEY OFFICE
ONE GREENTREE CENTRE
SUITE 201
ROUTE 73 & GREENTREE ROAD
MARLTON, N.J. 08053
(856) 988-5590
FAX (856) 596-8359

OF COUNSEL
DAVID J. BERNEY

BARRY J. PALKOVITZ
McKEESPORT, PA 15132
(412) 678-7000

L. VINCENT RAMUNNO
WILMINGTON, DE. 19801
(302) 656-9400

DAVID M. ARBOGAST
SAN MATEO, CA 94401
(650) 458-8558

AFFILIATED
SCHMIDT, RONCA & KRAMER, P.C.
JAMES R. RONCA
209 STATE STREET
HARRISBURG, PA 17101
(215) 790-7303

October 21, 2004

Jack A. Yankowitz, Esquire
The Yankowitz Law Firm
175 East Shore Road
Great Neck, NY   11023

      Re:    Vioxx Cases

Dear Jack:

     Enclosed please find the Working Agreement which I have signed in connection with the above matter.

     I look forward to working with you on the Vioxx cases.

                 Sincerely,

                 STEPHEN A. SHELLER

SAS:lb
Enclosure



ATTORNEYS AT LAW
JACK A. YANKOWITZ
MICHAEL A. ETKIN *
ROBERT A. HUBER *
KEVIN MAIN *
DINO SPADACCINI *
MARK PANEPINTO
DANIEL LUKASIK
FRANK DOLCE
CHRISTOPHER P. GLADD
SCOTT AGULNICK
GARY KAUGET
STUART RISSOFF
Trial Counsel
STEVEN E. NORTH
MARK H. WEINSTEIN
MICHAEL SERRES
MICHAEL PYRROS
Counsel
Member of PA & NJ Bar *
Member of PA Bar *

**THE**

**LAW FIRM**
A PROFESSIONAL CORPORATION

175 EAST SHORE ROAD
GREAT NECK, NEW YORK 11023
Tel: (516) 622-6200
Fax: (516) 829-4344

NEW YORK CITY
148 EAST 74TH STREET
NEW YORK, NEW YORK 10021
(212) 868-8888   (718) 829-4300

BUFFALO
420 MAIN STREET
BUFFALO, NEW YORK 14202

NEW JERSEY
98 FRANKLIN CORNER ROAD
LAWRENCEVILLE, NJ 08648
64 MAPLE AVENUE
MORRISTOWN, NJ 07960

PENNSYLVANIA
4061 OXFORD AVENUE
PHILADELPHIA, PA 19124

E-MAIL
YANKOWITZLAW@AOL.COM

REPLY TO GREAT NECK OFFICE

October 20, 2004

Sheller, Ludwig & Badey
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102

Attention: Stephen A. Sheller, Esq.

    Re:   Vioxx Cases

Dear Steve:

      I look forward to working with you and your firm in the litigation of Vioxx claims.  This letter sets forth our working agreement for all cases where The Yankowitz Law Firm, P.C. is retained and SHELLER, LUDWIG & BADEY acts as trial counsel:

    1.    The Yankowitz Law Firm, P.C. will handle and process all initial client retainers and sign-ups, obtain the medical records and act as liaison with clients throughout the legal process as we have agreed.

    2.    All pleadings and litigation proceedings will be handled and processed by Sheller, Ludwig & Badey under the names of both firms, with continuous participation of The Yankowitz Law Firm, P.C. as we have agreed.

    3.    Our firms expenditures for investigation, medical records, experts, litigation costs, etc., will be reimbursed to our respective firms from the gross recoveries, prior to distribution of attorneys fees.

    4.    The net fees generated on these cases will be shared as follows:

                50% to The Yankowitz Law Firm, P.C.
                50% to Sheller, Ludwig & Badey

    5.    Any and all clients/cases referred directly or indirectly from a client we are representing pursuant to this agreement, shall be represented in the same manner and the work, expenses and fees will be shared by our firms under the same terms of this working agreement.

    6.    For clarity in communication with our Vioxx clients, we shall list each others' firms as "of counsel" on our respective letterheads in the manner we have agreed.



Page 2.
October 20, 2004

As in the past, I am certain this venture will be successful for our clients as well as our firms.

Sincerely,

THE YANKOWITZ LAW FIRM, P.C.

By: _____
JACK A. YANKOWITZ

JAY:ri

Agreed & Accepted:

SHELLER, LUDWIG, & BADEY

By: _____  10/21/04
STEPHEN A. SHELLER

# EXHIBIT "B"

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

# RETAINER STATEMENT

TO:   OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK
Post Office Box 2016
New York, NY  10008

For office use:

1. Date of agreement as to Retainer:
   November 15, 2004
2. Terms of Compensation:
   Contingent Retainer - Straight 33 1/3 Percent
3. Name and home address of client: Morris Simms
   2407 Washington St. Wilmington, DE 19802
4. If engaged by an attorney, name and office address of retaining attorney: Not applicable
5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
   July  1, 2004 - a vioxx injury - Wilmington, DE
6. If a condemnation or change of grade proceeding: Not applicable
7. Name, address, occupation and relationship of person referring the client: T.V. Commercial

Dated: Great Neck,                                    NY, 13 day of December, 2004

Our File # 0300-04

Print
or {
Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist. 2nd  Dept. NASSAU County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:   OFFICE OF COURT ADMINISTRATION
      OF THE STATE OF NEW YORK
      Post Office Box 2016
      New York, NY  10008

1.  Date of agreement as to Retainer:
    November 23, 2004
2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client:  Angel Guzman
    2240 Amsterdam Ave. Apt 5C, New York, N.Y. 10032

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    September 5, 2002 - a vioxx injury - New York, NY

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                                NY.  7 day of December, 2004

Our File # 0271-02

Print
or
Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney; and
the date when said statement of retainer was filed

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:      OFFICE OF COURT ADMINISTRATION
         OF THE STATE OF NEW YORK
         Post Office Box 2016
         New York, NY  10008

1. Date of agreement as to Retainer:
   November 2, 2004
2. Terms of Compensation:
   Contingent Retainer - Straight 33 1/3 Percent

3. Name and home address of client: George Palmer deceased, by his wife Nancy Palmer
   7B Cass Court, Ballston Lake, N.Y. 12019.

4. If engaged by an attorney, name and office address of retaining attorney: Not applicable

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
   January 2, 2003 - a vioxx injury

6. If a condemnation or change of grade proceeding: Not applicable

7. Name, address, occupation and relationship of person referring the client: T.V. Commercial

Dated: Great Neck,                       NY,  8 day of November, 2004

Our File # 0183-03              Print

                                 or  {

                                Type

                                        Yours, etc.

                                        Signature of Attorney

                                        JACK A. YANKOWITZ
                                        Attorney

                                        THE YANKOWITZ LAW FIRM, P.C.
                                        175 East Shore Road, Great Neck, NY 11023

                                        Office and P. O. Address

                                        10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and
the date when said statement of retainer was filed.

**Statement as to Retainer - use for fee as per Schedule B or for Condemnation Proceedings, App. Div., July 1960.**

## RETAINER STATEMENT

For office use:

TO:   OFFICE OF COURT ADMINISTRATION
      OF THE STATE OF NEW YORK
      Post Office Box 2016
      New York, NY   10008

1. Date of agreement as to Retainer:
   November 23, 2004
2. Terms of Compensation:
   Contingent Retainer - Straight 33 1/3 Percent

3. Name and home address of client:  Angela Fourquet
   60 Hazel Ave. Farmingville, N.Y. 11738.

4. If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
   July 30, 2002 - a vioxx injury

6. If a condemnation or change of grade proceeding:  Not applicable

7. Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck                          , NY,  1 day of December, 2004

Our File # 0295-02

Print   Yours, etc.

or      _____
        Signature of Attorney

        JACK A. YANKOWITZ
        Attorney

Type    THE YANKOWITZ LAW FIRM, P.C.
        175 East Shore Road, Great Neck, NY 11023

        Office and P. O. Address

        10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:   OFFICE OF COURT ADMINISTRATION
      OF THE STATE OF NEW YORK
         Post Office Box 2016
         New York, NY  10008

1.  Date of agreement as to Retainer:
    December 6, 2004
2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client:  Hilario Cortes
    1 Pennsylvania Ave, Sommerdale, N.J. 08083.

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    December 21, 2002 - a vioxx injury - Sommerdale, NJ

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                          NY,  7 day of December, 2004

Our File # 0270-02

Print

or {

Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and
the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:    OFFICE OF COURT ADMINISTRATION
       OF THE STATE OF NEW YORK
       Post Office Box 2016
       New York, NY  10008

1.  Date of agreement as to Retainer:
    November 30, 2004
2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client: Nathan Ramsey
    1938 Cambridge St, Philadelphia, PA 19130.

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    February 20, 2002 a vioxx injury

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                          NY,  1 day of December, 2004

Our File # 0282-02

Print
or
Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and
the date when said statement of retainer was filed.

**Statement as to Retainer - use for fee as per Schedule B or for Condemnation Proceedings, App. Div., July 1960.**

## RETAINER STATEMENT

For office use:

TO:    OFFICE OF COURT ADMINISTRATION
       OF THE STATE OF NEW YORK
          Post Office Box 2016
          New York, NY  10008

1. Date of agreement as to Retainer:
   November 26, 2004
2. Terms of Compensation:
   Contingent Retainer - Straight 33 1/3 Percent
3. Name and home address of client:  Leota Zones
   306 Pennypack Circle, Hatboro, Pa 19040.
4. If engaged by an attorney, name and office address of retaining attorney:  Not applicable
5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
   March  1, 2001 - a vioxx injury
6. If a condemnation or change of grade proceeding:  Not applicable
7. Name, address, occupation and relationship of person referring the client: T. V. Commercial

Dated: Great Neck,            NY, _1 day of December, 2004

Our File # 0285-01

Print

or

Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

_10th_ Dist. _2nd_ Dept. _NASSAU_ County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:     OFFICE OF COURT ADMINISTRATION
        OF THE STATE OF NEW YORK
        Post Office Box 2016
        New York, NY  10008

1.  Date of agreement as to Retainer:
    December 2, 2004

2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client:  Glenn Thweatt
    24 Tern Court, Bayshore, N.Y. 11706.

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    July 1, 2000 - a vioxx injury - Bayshore, NY

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                         NY,  17 day of December, 2004

Our File # 0309-00

Print                    Yours, etc.

or   {                   _Signature of Attorney_

                         JACK A. YANKOWITZ
                         Attorney

Type

                         THE YANKOWITZ LAW FIRM, P.C.
                         175 East Shore Road, Great Neck, NY 11023

                         Office and P. O. Address

                         10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:     OFFICE OF COURT ADMINISTRATION
        OF THE STATE OF NEW YORK
        Post Office Box 2016
        New York, NY  10008

1.  Date of agreement as to Retainer:
    November 16, 2004

2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client:  Amanda Santana-Torres
    300 South 4th Street, Apt 714, Reading, Pa 19601

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    October 7, 2004 - a vioxx injury - Reading, PA

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                                    NY,  10 day of December, 2004

Our File # 0297-04

Print

or

Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and
the date when said statement of retainer was filed.

**Statement as to Retainer - use for fee as per Schedule B or for Condemnation Proceedings, App. Div., July 1960.**

## RETAINER STATEMENT

For office use:

TO:   OFFICE OF COURT ADMINISTRATION
  OF THE STATE OF NEW YORK
   Post Office Box 2016
   New York, NY  10008

1.   Date of agreement as to Retainer:
 December 20, 2004

2.   Terms of Compensation:
 Contingent Retainer - Straight 33 1/3 Percent

3.   Name and home address of client:  Miguel Navedo
 42 Rivington St. Apt 15, New York, N.Y. 10002

4.   If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.   If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
 August 6, 2000 - a vioxx injury - New York, NY

6.   If a condemnation or change of grade proceeding:  Not applicable

7.   Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck, _____ NY, 23 day of December, 2004

Our File # 0344-00

Print

or  {

Type

Yours, etc.

_____
Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

**Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.**

For office use:

## RETAINER STATEMENT

TO:   OFFICE OF COURT ADMINISTRATION
      OF THE STATE OF NEW YORK
      Post Office Box 2016
      New York, NY  10008

1.   Date of agreement as to Retainer:
     January 26, 2005

2.   Terms of Compensation:
     Contingent Retainer - Straight 33 1/3 Percent

3.   Name and home address of client: Elorida Nayeo
     1036 Church St, Reading, Pa 19601,

4.   If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.   If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
     January  1, 2001 - a vioxx injury - Reading, Pa

6.   If a condemnation or change of grade proceeding:  Not applicable

7.   Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated: ` Great Neck,`       NY, 25 day of January, 2005

Our File # 0346-01

Yours, etc.

Print

or

Type

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

### RETAINER STATEMENT

| | | For office use: |
|---|---|---|

TO:    OFFICE OF COURT ADMINISTRATION
        OF THE STATE OF NEW YORK
          Post Office Box 2016
          New York, NY 10008

1.  Date of agreement as to Retainer:
    December 24, 2004
2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client: William Godio
    2040 Rosemarie Way, Hatfield, Pa 19440.

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    February '1, 2001 - a vioxx injury - Hatfield, Pa

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,         NY,  18 day of January, 2005

Our File # 0365-01

                Yours, etc.

Print                                        Signature of Attorney
or
                  JACK A. YANKOWITZ
                  Attorney
Type

                  THE YANKOWITZ LAW FIRM, P.C.
                  175 East Shore Road, Great Neck, NY 11023

                  Office and P. O. Address

          10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

**Statement as to Retainer – use for fee as per Schedule B or for Condemnation Proceedings, App. Div., July 1960.**

## RETAINER STATEMENT

For office use:

TO:     OFFICE OF COURT ADMINISTRATION
        OF THE STATE OF NEW YORK
        Post Office Box 2016
        New York, NY  10008

1.  Date of agreement as to Retainer:
    January 21, 2004
2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client: Aracelio Torres
    135 Pine St. Elizabeth, N.J. 07206.

4.  If engaged by an attorney, name and office address of retaining attorney: Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    January 1, 2001 - a vioxx injury - Elizabeth, NJ

6.  If a condemnation or change of grade proceeding: Not applicable

7.  Name, address, occupation and relationship of person referring the client: T.V. Commercial

Dated: Great Neck,                               NY,  1 day of February, 2005

Our File # 0380-01

Yours, etc.

Print

or  {        Signature of Attorney

            JACK A. YANKOWITZ
            Attorney

Type

            THE YANKOWITZ LAW FIRM, P.C.
            175 East Shore Road, Great Neck, NY 11023

            Office and P. O. Address

            10th  Dist. 2nd  Dept. NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

**Statement as to Retainer – use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.**

## RETAINER STATEMENT

For office use:

TO:    OFFICE OF COURT ADMINISTRATION
       OF THE STATE OF NEW YORK
           Post Office Box 2016
           New York, NY  10008

1.  Date of agreement as to Retainer:
    November 19, 2004

2.  Terms of Compensation:
    Contingent Retainer – Straight 33 1/3 Percent

3.  Name and home address of client:  Ruth Rieman
    2987 Islip Ct, Wantagh, N.Y, 11793.

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    June 30, 2004 – a vioxx injury

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                          NY,  29 day of November, 2004

Our File # 0265-04

Print

or

Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and
the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B or for Condemnation Proceedings, App. Div., July 1960.

## RETAINER STATEMENT

TO:  OFFICE OF COURT ADMINISTRATION
     OF THE STATE OF NEW YORK
     Post Office Box 2016
     New York, NY 10008

For office use:

1. Date of agreement as to Retainer:
   November 18, 2004

2. Terms of Compensation:
   Contingent Retainer - Straight 33 1/3 Percent

3. Name and home address of client: Nilda Mercado
   220 Granny Rd. Medford, N.Y. 11763.

4. If engaged by an attorney, name and office address of retaining attorney: Not applicable

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
   February 5, 2004 - a vioxx injury

6. If a condemnation or change of grade proceeding: Not applicable

7. Name, address, occupation and relationship of person referring the client: T.V. Commercial

Dated: Great Neck,                    NY, 19 day of November, 2004

Our File # 0260-04

Print
or                    Yours, etc.
                      Signature of Attorney

                      JACK A. YANKOWITZ
                      Attorney
Type
                      THE YANKOWITZ LAW FIRM, P.C.
                      175 East Shore Road, Great Neck, NY 11023

                      Office and P. O. Address

                      10th  Dist. 2nd  Dept. NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

**Statement as to Retainer - use for fee as per Schedule B or for Condemnation Proceedings, App. Div., July 1960.**

## RETAINER STATEMENT

For office use:

TO:  OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK
Post Office Box 2016
New York, NY  10008

1.  Date of agreement as to Retainer:
    November 15, 2004
2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client:  Robinn Haynes
    1521 N Jefferson Lane, Philadelphia, PA 19122,

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    January 1, 2003 - a vioxx injury

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                              NY,  17 day of November, 2004

Our File # 0233-03

Print

or

Type

Yours, etc,

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

TO:   OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK
Post Office Box 2016
New York, NY  10008

For office use:

1. Date of agreement as to Retainer:
November 13, 2004
2. Terms of Compensation:
Contingent Retainer - Straight 33 1/3 Percent

3. Name and home address of client: Maria Irma Gonzalez
218 Hyuler Ave. Apt 218F. Hackensack, N.J. 07606

4. If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
December 1, 2003 - vioxx injury

6. If a condemnation or change of grade proceeding:  Not applicable

7. Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                              NY, 16 day of November, 2004

Our File # 0228-03

Print

or

Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist. 2nd  Dept. NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

**Statement as to Retainer - use for fee as per Schedule B or for Condemnation Proceedings, App. Div., July 1960.**

## RETAINER STATEMENT

For office use:

TO:  OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK
Post Office Box 2016
New York, NY 10008

1. Date of agreement as to Retainer:
November 10, 2004

2. Terms of Compensation:
Contingent Retainer - Straight 33 1/3 Percent

3. Name and home address of client: Carmelo Ortiz
505 E 180 St. Apt 3C, Bronx, N.Y. 10457

4. If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
June 24, 2004 - a vioxx injury

6. If a condemnation or change of grade proceeding:  Not applicable

7. Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck, _____ NY,  15 day of November, 2004

Our File # 0216-04

Yours, etc.

Print
or  {  _____
Signature of Attorney

JACK A. YANKOWITZ
Attorney

Type

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

**Statement as to Retainer - use for fee as per Schedule B or for Condemnation Proceedings, App. Div., July 1960.**

## RETAINER STATEMENT

TO:    OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK
Post Office Box 2016
New York, NY 10008

For office use:

1. Date of agreement as to Retainer:
   November 4, 2004

2. Terms of Compensation:
   Contingent Retainer - Straight 33 1/3 Percent

3. Name and home address of client: Catherine Beliveau
   10 Court St. Lynn, MA 01905.

4. If engaged by an attorney, name and office address of retaining attorney: Not applicable

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
   July 11, 2003 - a vioxx injury

6. If a condemnation or change of grade proceeding: Not applicable

7. Name, address, occupation and relationship of person referring the client: T.V. Commercial

Dated: Great Neck      NY, 12 day of November, 2004

Our File # 0215-03

Print

or

Type

Yours, etc.,

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th Dist. 2nd Dept. NASSAU County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:    OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK
Post Office Box 2016
New York, NY  10008

1.  Date of agreement as to Retainer:
November 9, 2004
2.  Terms of Compensation:
Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client: Julia Vasquez
192 Sands Street, Apt 5A, Brooklyn, N.Y. 11201

4.  If engaged by an attorney, name and office address of retaining attorney: Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
January 1, 2001 - a Vioxx injury

6.  If a condemnation or change of grade proceeding: Not applicable

7.  Name, address, occupation and relationship of person referring the client: T.V. Commercial

Dated: Great Neck, _____ NY, 12 day of November, 2004

Our File # 0209-01

Print
or
Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

| | | For office use: |
|---|---|---|

TO:     OFFICE OF COURT ADMINISTRATION
        OF THE STATE OF NEW YORK
              Post Office Box 2016
              New York, NY  10008

1.  Date of agreement as to Retainer:
    November 9, 2004

2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client: · Milagros Valerio
    130 Grand Ave, Apt 3A, Englewood, N.J. 07631

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    May 23, 2004 - a vioxx injury

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                                    NY,  10 day of November, 2004

Our File # 0188-04

Yours, etc.

Print
or                  Signature of Attorney

                    JACK A. YANKOWITZ
Type                Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th   Dist.  2nd   Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and
the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

| | For office use: |
|---|---|

## RETAINER STATEMENT

TO:  OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK
Post Office Box 2016
New York, NY 10008

1. Date of agreement as to Retainer:
   December 15, 2004

2. Terms of Compensation:
   Contingent Retainer - Straight 33 1/3 Percent

3. Name and home address of client: Lorraine Jarrell deceased, by her daughter Arlene Criveau
   6165 58th St North, Unit 4E, St. Petersburgh, FL 33709.

4. If engaged by an attorney, name and office address of retaining attorney: Not applicable

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
   June 12, 2004 - a vioxx injury - Levittown, NY

6. If a condemnation or change of grade proceeding: Not applicable

7. Name, address, occupation and relationship of person referring the client: T.V. Commercial

Dated: Great Neck,                    NY, 16 day of December, 2004

Our File # 0340-04

Print
or
Type

Yours, etc.

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th Dist. 2nd Dept. NASSAU County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and
the date when said statement of retainer was filed.

Statement as to Retainer – use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

For office use:

## RETAINER STATEMENT

TO:   OFFICE OF COURT ADMINISTRATION
      OF THE STATE OF NEW YORK
      Post Office Box 2016
      New York, NY  10008

1.   Date of agreement as to Retainer:
     October 27, 2004

2.   Terms of Compensation:
     Contingent Retainer - Straight 33 1/3 Percent

3.   Name and home address of client:  Melvin Stephens
     157 5th St. Reovesta, Ky 40854,

4.   If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.   If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
     February 1, 2004 - a vioxx injury

6.   If a condemnation or change of grade proceeding:  Not applicable

7.   Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                         NY,  28 day of October, 2004

Our File # 0156-04                          Print          Yours, etc.

                                            or             _____
                                            {              Signature of Attorney

                                                           JACK A. YANKOWITZ
                                                           Attorney
                                            Type
                                                           THE YANKOWITZ LAW FIRM, P.C.
                                                           175 East Shore Road, Great Neck, NY 11023

                                                           Office and P. O. Address

                                            10th  Dist. 2nd  Dept. NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:   OFFICE OF COURT ADMINISTRATION
      OF THE STATE OF NEW YORK
         Post Office Box 2016
         New York, NY  10008

1.  Date of agreement as to Retainer:
    November 3, 2004
2.  Terms of Compensation:
    Contingent Retainer - Straight 33 1/3 Percent

3.  Name and home address of client:  Felix Moronta
    309 E Houston St, Apt 5E, New York, N.Y. 10002

4.  If engaged by an attorney, name and office address of retaining attorney:  Not applicable

5.  If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
    July 27, 2004 - a vioxx injury

6.  If a condemnation or change of grade proceeding:  Not applicable

7.  Name, address, occupation and relationship of person referring the client:  T.V. Commercial

Dated:  Great Neck,                               NY,  4 day of November, 2004

Our File # 0165-04

Print
or          Yours, etc.

            Signature of Attorney

            JACK A. YANKOWITZ
            Attorney
Type

            THE YANKOWITZ LAW FIRM, P.C.
            175 East Shore Road, Great Neck, NY 11023

            Office and P. O. Address

            10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and
the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:   OFFICE OF COURT ADMINISTRATION
      OF THE STATE OF NEW YORK
      Post Office Box 2016
      New York, NY  10008

1. Date of agreement as to Retainer:
   October 12, 2004

2. Terms of Compensation:
   Contingent Retainer - Straight 33 1/3 Percent

3. Name and home address of client: Mitchel Blask
   133 Harbor View Drive, Massapequa, N.Y. 11758.

4. If engaged by an attorney, name and office address of retaining attorney: Not applicable

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
   August 30, 2002 -a Vioxx injury

6. If a condemnation or change of grade proceeding: Not applicable

7. Name, address, occupation and relationship of person referring the client: Jack A. Yankowitz

Dated: Great Neck,                                      NY, 13 day of October, 2004

Our File # 1002-02

Print
or
Type

Yours, etc,

Signature of Attorney

JACK A. YANKOWITZ
Attorney

THE YANKOWITZ LAW FIRM, P.C.
175 East Shore Road, Great Neck, NY 11023

Office and P. O. Address

10th  Dist. 2nd Dept. NASSAU County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and the date when said statement of retainer was filed.

Statement as to Retainer - use for fee as per Schedule B
or for Condemnation Proceedings, App. Div., July
1960.

## RETAINER STATEMENT

For office use:

TO:   OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK
Post Office Box 2016
New York, NY  10008

1. Date of agreement as to Retainer:
November 9, 2004

2. Terms of Compensation:
Contingent Retainer - Straight 33 1/3 Percent

3. Name and home address of client: Juana Rosado
1455 Sheridan Ave. Apt 3E, Bronx, N.Y. 10457

4. If engaged by an attorney, name and office address of retaining attorney: Not applicable

5. If claim for personal injuries, wrongful death or property damage, date and place of occurrence:
September 4, 2004 - a vioxx injury

6. If a condemnation or change of grade proceeding: Not applicable

7. Name, address, occupation and relationship of person referring the client: T.V. Commercial

Dated: Great Neck,                                    NY, 10 day of November, 2004

Our File # 0204-04

Yours, etc.

Print
or        Signature of Attorney
          JACK A. YANKOWITZ
Type      Attorney

          THE YANKOWITZ LAW FIRM, P.C.
          175 East Shore Road, Great Neck, NY 11023

          Office and P. O. Address

          10th  Dist.  2nd  Dept.  NASSAU  County

*Set forth particulars as to the fee arrangement, the type of services to be rendered in the matter, the code number assigned to the statement of retainer filed by the retaining attorney and
the date when said statement of retainer was filed.



Retained Clients - Suit Filed          Vioxx OCA Retainer Numbers

| Client Name | OCA Retainer # |
|---|---|
| Blask, Mitchell | 5882675-04 |
| Stephens, Melvin | 5888608-04 |
| Moronta, Felix | 5888575-04 |
| Palmer, George | 5893162-05 |
| Valerio, Milagros | 5895584-05 |
| Rosado, Juana | 5895588-05 |
| Vasquez, Julia | 5895655-05 |
| Beluveau, Catherine | 5895672-05 |
| Ortiz, Carmelo | 5895667-05 |
| Puerta Gonzalez, Maria | 5895657-05 |
| Haynes, Robinn | 5887642-04 |
| Mercado, Nilda | 5900788-05 |
| Rieman, Ruth | 5899698-05 |
| Cortes, Hilario | 5897651-05 |
| Guzman, Angel | 5897650-05 |
| Ramsey, Nathan | 5899683-05 |
| Zones, Leota | 5899686-05 |
| Fourquet, Angela | 5899706-05 |
| Santana-Torres, Amanda | 5900512-05 |
| Simms, Morris | 5900577-05 |
| Thweatt, Glenn | 5903959-05 |
| Jarrell, Lorainne | 5900530-05 |
| Navedo, Miguel | 5908244-05 |
| Naveo, Elorida | 5922053-05 |
| Godio, William | 5915568-05 |
| Torres, Aracelio | 5922052-05 |

THE YANKOWITZ LAW FIRM, PC
175 East Shore Road
Great Neck, NY 11023
516-622-6200

## VERIFICATION BY AFFIRMATION

STATE OF NEW YORK )

COUNTY OF   NASSAU ) ss:

JACK A. YANKOWITZ, ESQ., being duly sworn, says:

I am the President of the Yankowitz Law Firm, P.C. in the action herein:  I have read the annexed

### COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

Dated:        GREAT NECK, NY
              February  9, 2009

JACK A. YANKOWITZ, ESQ.